Caruthees, J.,
delivered the opinion of the Court.
This action was -brought to recover $200, the amount of a lost note, given by Phillip Brown, the intestate of defendant, in 1855, to the plaintiff.
The defence is want of consideration.
James and Phillip were brothers. The latter bought of the former, his interest in the land of their father, and paid him $400 ; and obtained his deed. There is a little uncertainty as to the contract in relation to the consideration. Phillip, a short time before his death, and when he did not expect to recover from a severe attack of hemorrhage of the lungs, in speaking of this note, which he had a short time before enclosed to his brother in a letter, stated “that he had purchased of Matthew Brown and James Brown, the plaintiff, their interest in his father’s tract of land for $400 each ; and that some time after the purchase, his brother Matthew had threatened to sue him for about $200, which amount he claimed to be due him, and rather than have a suit with his brother, he paid him $200, and upen reflection, having bought James’ interest for the same amount, $400, he thought it his duty to pay James $200, to make him equal with Matthew, and that he had executed his note for $200 to James, payable twelve months after date, and had enclosed it to him.” The *672 land was before tliis time sold, perhaps under a decree of court, and the price obtained made the part of each heir, $600. Matthew proves, that the condition of the sale to Phillip, was, that he was to pay him whatever the land might sell for, and it was upon that ground that he claimed the additional sum of $200, and that he made no threat to sue, but that his brother paid him voluntarily and willingly. Mary Jane Moore, a sister, proves, that Phillip was by contract to pay James whatever he paid Matthew, and that the note was given in compliance with that contract. But when the note was received by James, in his letter of acknowledgment of October 17th, 1855, he states that he has no further claim for the land ; but, that if his brother, “upon mature deliberation, still thinks he ought to have $200 more, though lie docs not claim it as a right, he “will receive it as a present.”
The note was not returned in this letter as is stated ; but was retained from all we see, and this is the last we hear of it till after the death of Phillip, which was before it fell due.
The plaintiff assumed two positions against the defence of want of consideration :
1. That there was a sufficient consideration. The court charged that if there was a sale and purchase of land, and the note was given “ in due consideration of such sale,” then it would be binding and recoverable.
2. That it would be good as a gift donatio causa mortis. The court charged on this point, that if the note was made and delivered in view of death, to take effect in that event, and he did die, as contemplated, it would be obligatory, and recoverable against his administrator.
On this point, we think His Honor erred. There may be said to be some conflict of authority on the question, but very little. The preponderance is clear and decided against the validity of this species of donation of a man’s own note, or obligation for money. There was a serious and long continued controversy in the books, as to the validity of a gift of this description of any chose in action, or claim in favor of the donor against others, but we think there is but little, if any *673 authority to be found that the donor’s own note to the donee can be made the subject of this kind of gift. The case of Wright v. Wright, 1 Cowen, 598, would seem to sustain the charge. That case, as far as we can see, stands alone, and is not well considered. It does not notice the distinction between the donor’s own note payable' t'p the donee, and a note, or other security for the payment of money, held by him against a third person.
In Pouste v. Stone, 14 Picking, 201, the question, is elaborately examined and discussed by C. J. Shaw, where all the authorities, English and American, are brought under review, and the conclusion arrived at, that “ a donor’s own promisory note, payable to the donee, cannot be the subject of a donatio causa mortis.” The case in Cowen, is there referred to, and held not to be law.
We arc satisfied with the reasoning and authority of that, case, and adopt it as the law upon the subject. The case of Grover v. Grover, 24 Pick., 261, draws the distinction between gifts interivos, and, causa mortis, and sustains the same, doctrine.
But it would bo a question, whether this error of law should produce a reversal of the judgment, as it might be regarded, as an abstraction in reference to the facts of this case, if' it were clear upon the other point, that the plaintiff was entitled to recover. We will not now decide whether the action can be maintained, or not, upon the other ground — the sufficiency of the consideration to sustain the promise.
The case will, therefore, be reversed, and sent back for another trial, when the proof will be directed and the case examined with the single view, as to the sufficiency or insufficiency of the consideration of the note. We intimate no opinion, but leave the case open upon this point. The parties may be able, upon examination of the authorities, to satisfy themselves whether this is a naked promise for want of consideration or not. The proof can probably be made a little more explicit, on that question.